IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:93-CR-102-FL-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ALLEN MORSLEY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018 (DE 215, 222), and to expedite ruling (DE 238). The motions for reduction of sentence were fully briefed and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On December 6, 1993, a jury convicted defendant of the following offenses: 1) conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count 1); 2) use of a firearm during a drug trafficking offense and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (count 17); 3) three counts of wire fraud and aiding and abetting same, in violation of 18 U.S.C. §§ 1343 and 2 (counts 18, 37, and 44); 4) two counts of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a) (counts 80 and 81); and 5) possession and receipt of firearms with obliterated serial numbers, in violation of 18 U.S.C. § 922(k) (count 95).

The court held defendant's sentencing hearing on March 8, 1994. The presentence investigation report, which the court adopted, concluded defendant was responsible for distributing five ounces of cocaine and nine ounces of cocaine base, translating to a base offense level of 34. However, because defendant was designated a career offender, the offense level increased to 37.

With criminal history category VI, the mandatory Guidelines range was 360 months to life imprisonment, followed by mandatory consecutive sentence of 60 months' imprisonment on count 17. The court sentenced defendant to life imprisonment on count 1, 60 months' imprisonment on count 17, to run consecutive, 60 months' imprisonment on the remaining counts, to run concurrently with sentences imposed on counts 1 and 17, and 6 months' imprisonment for contempt of court, to run consecutively to all other sentences imposed. Defendant was not sentenced to a term of supervised release.

Defendant filed the instant motion for reduction of sentence pursuant to the First Step Act on May 16, 2019. The government responded in opposition on May 29, 2019, and defendant replied on June 12, 2019. On June 24, 2019, defendant filed supplemental First Step Act motion. On December 6, 2019, the court held the instant motions in abeyance pending resolution of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020). On July 31, 2020, defendant filed the instant motion to expedite ruling and supplemental sentencing memorandum.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3,

2010.  See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010.  Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).  Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Id. § 404(b).  The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria.  Id. § 404(c).  Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits.  Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to possess with intent to distribute and distribution of cocaine base were modified by section 2 of the Fair Sentencing Act, and he is not otherwise excluded from seeking relief under the Act.  Dorsey, 567 U.S. at 269; United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), as amended (Nov. 21, 2019).  The court thus turns to whether it should exercise its discretion to reduce defendant's sentence.

3

Application of the Fair Sentencing Act reduces defendant's Guidelines range on count 1 to at least 210 to 262 months' imprisonment. (DE 221). As noted above, defendant was sentenced at the top of the Guidelines range on count 1 at his original sentencing, and the court also imposed consecutive terms of 60 months' imprisonment on count 17 and 6 months' imprisonment for contempt of court (which are not affected by the First Step Act). Accordingly, a comparable sentence under the revised range is 328 months' imprisonment. (Id.). As of the date of this order, and without application of good time credits, defendant has served approximately 322 months' imprisonment, which is only 6 months below the sentence he would have received under the Fair Sentencing Act. For the reasons discussed more fully below, the court will reduce defendant's sentence to time served. The court first addresses, however, the parties' objections to the foregoing Guidelines calculation.

Defendant argues the Guidelines range on count 1 should be 135 to 168 months' imprisonment where defendant could not be designated a career offender if he were sentenced today. As noted above, with the exception of less than 6 months, defendant has served the full custodial sentence he would have received if the Fair Sentencing Act applied at his original sentencing but his career offender designation remained intact. The maximum reduction the court will impose is time served,[1] and therefore under the particular facts of this case, the court finds it

---

[1] A sentence below time served may permit defendant to credit overserved time against a future sentence. See United States v. Jackson, 952 F.3d 492, 497-99 (4th Cir. 2020) (discussing Federal Bureau of Prisons ("FBOP") regulations permitting defendants to credit overserved time on a vacated sentence against a future sentence for violating supervised release). Particularly in light of defendant's extensive disciplinary record in FBOP custody, (see DE 221), the court finds allowing defendant to credit overserved time against a future sentence would not promote the goals of sentencing. See id. at 499-501 (holding district court has authority to consider whether the FBOP will permit defendant to credit overserved time against a revocation sentence when deciding whether to reduce defendant's sentence below time served).

4

unnecessary to address defendant's argument that the Guidelines range should be adjusted to remove the career offender designation.

The government, on the other hand, argues the Guidelines range should remain 360 months to life imprisonment pursuant to U.S.S.G. § 4B1.1(c)(3). Section 4B1.1(c)(3) provides that a defendant designated a career offender who also is convicted of a § 924(c) violation, and who does not receive a reduction for acceptance of responsibility, is subject to a Guidelines range of 360 months to life imprisonment (subject to certain exceptions not relevant here). The government thus argues that because defendant's Guidelines range remains 360 months to life imprisonment under the 2018 Guidelines Manual, the court should not disturb the instant life sentence.

The court disagrees that § 4B1.1(c)(3) applies in the instant First Step Act proceeding. First, if the court is to apply current sentencing law, defendant has a compelling argument the he no longer qualifies for the career offender enhancement. See United States v. Norman, 935 F.3d 232, 239 (4th Cir. 2019) (holding conspiracy offense under 21 U.S.C. § 846 does not qualify as a controlled substance offense under the Guidelines because it does not satisfy the generic, contemporary meaning of conspiracy); United States v. Whitley, 737 F. App'x 147, 148-49 (4th Cir. 2018). The government fails to address defendant's argument that he no longer qualifies for the career offender enhancement, thereby rendering § 4B1.1(c)(3) inapplicable.

Second, at the time defendant was sentenced, § 4B1.1(c)(3) was not part of the Guidelines, and the maximum term of imprisonment defendant could have received for his § 924(c) conviction was five years. See 18 U.S.C. § 924(c) (1994).[2] As noted above, had the Fair Sentencing Act's

---

[2] In 1998, Congress amended § 924(c) to provide that the mandatory consecutive sentence for a using a firearm during a drug trafficking crime is "not less than 5 years." Act to Throttle Criminal Use of Guns, Pub. L. No. 105-386, 112 Stat. 3469, 3469 (Nov. 13, 1998). As noted above, prior to this amendment the maximum statutory punishment for a § 924(c) conviction was five years' imprisonment. See 18 U.S.C. § 924(c) (1994). The Sentencing

5

statutory penalties applied at sentencing, defendant's Guidelines range would have been substantially lower than 360 months to life imprisonment even with the career offender designation. The government cites no authority for its position that the court should retroactively apply changes in sentencing law that increase defendant's maximum statutory or Guidelines punishment in a First Step Act proceeding. See Peugh v. United States, 569 U.S. 530, 544 (2013) (explaining the Constitution's ex post facto clause prohibits use of the Guidelines manual in effect on the date of sentencing if the resulting Guidelines range is more onerous than range produced by the Guidelines manual in effect when the offense was committed). The court therefore finds that the appropriate Guidelines range is 210 to 262 months' imprisonment, to be followed by consecutive terms of 60 months' imprisonment for count 17, and 6 months' imprisonment for contempt of court. (See DE 221).

The court also finds defendant's current sentence comprising approximately 322 months' imprisonment is sufficient, but not greater than necessary, to accomplish the goals of sentencing. Defendant has served nearly 27 years in custody on the instant drug and firearm offenses, which themselves involved no overt violence. While defendant's conduct in selling firearms to known drug dealers was egregious, and his criminal history includes two felony burglary convictions, in the court's view 27 years is sufficient to reflect the seriousness of the offense, afford deterrence, and to protect the public. The court notes defendant's conduct in FBOP custody includes numerous disciplinary infractions. The recent infractions over the past 10 years, however, do not suggest defendant is a significant threat to himself or others, and they appear manageable with

---

Commission added § 4B1.1(c)(3) to the Guidelines after Congress amended § 924(c). See U.S.S.G. App'x C. Amend. 642 (Nov. 2002).

close community supervision. Accordingly, the court will reduce defendant's custodial sentence to time served, subject to a 14-day stay for administrative purposes of releasing defendant.

Finally, the court turns to the issue of supervised release. As noted above, the court did not impose a term of supervised release at defendant's original sentencing. Defendant, however, does not contest that he should be resentenced to a term of supervised release. (See DE 215 at 5-6). Although the United States Court of Appeals for the Fourth Circuit has not addressed whether the court can impose a term of supervised release for the first time in a First Step Act proceeding, the "unitary sentencing framework," supports the conclusion that the court has such authority. See United States v. Venable, 943 F.3d 187, 193-94 (4th Cir. 2019). Under the unitary theory of sentencing, custodial and supervised release terms should be treated "as components of one unified sentence." See id.; United States v. Ketter, 908 F.3d 61, 65 (4th Cir. 2018). Thus, because the court is instructed to "impose" a reduced sentence in a First Step Act proceeding, the court finds a term of supervised release may be included as a component of the reduced "sentence." See First Step Act, § 404, 132 Stat. at 5222; see also United States v. Chambers, 956 F.3d 667, 672 (4th Cir. 2020) (describing First Step Act proceeding as "imposing a new sentence"). Additionally, under the Fair Sentencing Act, defendant is required to serve at least three years supervised release upon release from imprisonment. See 21 U.S.C. § 841(b)(1)(C).

The court finds a term of three years supervised release is necessary to deter future criminal conduct and assist defendant with his transition into the community, particularly in light of his lengthy period of incarceration, criminal history, and numerous disciplinary infractions. Defendant's supervision conditions are attached hereto as appendix A.

## CONCLUSION

Based on the foregoing, defendants' motions for reduction of sentence pursuant to the First Step Act (DE 215, 222) are GRANTED. Defendant's motion to expedite ruling (DE 238) is DENIED AS MOOT. Defendant's previously imposed sentence of life imprisonment is reduced to time served. Defendant is ORDERED to serve concurrent terms of three years' supervised release on counts 1, 17, 18, 37, 44, 80, 81, and 95, which shall be subject to the conditions of supervision attached hereto as appendix A. Except as expressly modified herein, all provisions of the March 8, 1994, judgment of conviction remain in effect. Defendant's release from custody is STAYED for a period of **14 days** to allow the Federal Bureau of Prisons time to administratively process defendant's release and complete any necessary pre-release quarantine to protect defendant and the public from the communicable disease known as COVID-19. The government may apply for additional delay in defendant's release based upon public safety considerations related to COVID-19.

SO ORDERED, this the 5th day of August, 2020.

LOUISE W. FLANAGAN
United States District Judge

# Exhibit A

# APPENDIX A

DEFENDANT: ALLEN MORSLEY
CASE NUMBER: 5:93-CR-102-FL-7

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years on each of counts 1, 17, 18, 37, 44, 80, 81, and 95.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ALLEN MORSLEY
CASE NUMBER: 5:93-CR-102-FL-7

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: ALLEN MORSLEY
CASE NUMBER: 5:93-CR-102-FL-7

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

DEFENDANT: ALLEN MORSLEY
CASE NUMBER: 5:93-CR-102-FL-7

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of supervision.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.